UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10184 GAO

MAGISTRATE JUDGE Cohen

GUCCI AMERICA, INC.,

Plaintiff,

v.

HUDSON NEWS COMPANY,

Defendant.

Case No.:

RECEIPT # 53413
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. FOM
DATE 1-27-04

## COMPLAINT

Plaintiff, Gucci America, Inc. ("Plaintiff" or "Gucci"), complaining of Defendant, Hudson News Company, alleges as follows:

## STATEMENT OF THE CASE

1. This is an action for injunctive relief and damages under the Lanham Act based on the Defendant's unlawful use of Plaintiff's Gucci Trademarks in connection with the advertising, distributing, selling and/or offering for sale of the Defendant's products. In addition to Defendant's wrongful use of Plaintiff's name and associated trademarks, Defendant has engaged in unfair business practices, including the illegal sale of counterfeit merchandise. The Defendant operates a large chain of stores that do business under the name "Hudson News" and "The $10 Boutique." These businesses are located in airports, bus terminals, train stations and other places throughout the United States, including Logan Airport in Boston, Massachusetts. Attached hereto as Exhibit A are photocopies of Defendant's web-site listing its Massachusetts business locations, as well as other locations throughout the United States. These stores

advertise and sell counterfeit Gucci watches, and prominently display the Gucci Trademarks in order to attract consumers to the store to sell them watches, under the false guise of comparative advertising. Attached hereto as Exhibit B is a photograph of Defendant's marketing display, which displays Plaintiff's federally registered Gucci Trademark.

**JURISDICTION AND VENUE**

2. This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, and particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and over the state law claims under the doctrine of pendent jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

4. This Court has personal jurisdiction over the defendant under the provisions of Mass. Gen. L. c.223A, §3 in that the Defendant is transacting business within this Commonwealth and is contracting to supply services or things in this Commonwealth.

**THE PARTIES**

5. Gucci America, Inc. is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York, and is the sole and exclusive distributor in the United States of items bearing the Gucci Trademarks on leather goods, clothing, jewelry, watches, accessories, home products, and related items. Gucci has a usual place of business within this judicial district in Boston, Massachusetts.

6. Defendant, Hudson News Company ("Defendant" or "Hudson"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in North Bergen, New Jersey. At all times relevant hereto, Hudson is and has been doing business in the Commonwealth of Massachusetts and elsewhere, and has distributed merchandise through the wrongful use of the Plaintiff's federally registered trademarks. Hudson

is advertising, distributing, offering for sale, and selling thousands of items of merchandise through the wrongful use of Plaintiff's trademarks to persons located within this judicial district and elsewhere.

## PLAINTIFF'S TRADEMARKS

7. Gucci America, Inc. owns the trademarks and trade name "Gucci" and related trademarks (hereinafter collectively referred to as the "Gucci Trademarks"). Gucci markets high-quality products bearing the Gucci Trademarks, and Gucci is the exclusive distributor in the United States of Gucci products, all of which bear one or more of the Gucci Trademarks.

8. The trademarks owned by Gucci are world-renowned and signify to customers the identity and quality of the product. The Gucci Trademarks are used extensively in advertising and contribute to Gucci's overall success in the marketplace.

9. Commencing at least as early as the 1960's, Gucci adopted one or more of the Gucci Trademarks for handbags, luggage, accessories and related products and caused said trademarks to be registered in the United States Patent and Trademark Office.

10. Gucci is the owner of all rights in and to numerous Gucci Trademarks including, but not limited to, the Gucci Trademarks that are the subjects of the following trademark registrations:

| Mark | Registration Serial No. | Date of Registration |
|---|---|---|
| GUCCI | 972,078 | 10/30/73 |
| NON-INTERLOCKING GG MONOGRAM | 1,106,722 | 11/21/78 |
| GUCCI CREST | 1,112,601 | 02/06/79 |
| GREEN-RED-GREEN STRIPE | 1,122,780 | 07/24/79 |
| REPEATING GG DESIGN | 1,216,708 | 11/16/82 |
| SQUARE G | 2,042,805 | 03/11/97 |

11. In addition to the above, Gucci has secured trademark registrations for International Class 014, watches, and is the owner of all rights in and to the Gucci Trademarks that are the subjects of the following trademark registrations:

| Mark | Registration Serial No. | Date of Registration |
|---|---|---|
| GUCCI | 959,338 | 05/22/73 |
| SQUARE G | 2,234,272 | 03/23/99 |
| DESIGN PLUS LETTER G | 2,369,842 | 07/25/00 |
| INTERLOCKING GG MONOGRAM | 1,464,522 | 11/10/87 |
| REPEATING GG DESIGN | 1,216,708 | 11/16/82 |

Attached hereto as Exhibit C is a copy of Plaintiff's federal registrations for some of the Gucci Trademarks at issue in this case.

12. The Gucci Trademarks are in full force and effect; are essential to the maintenance of the goodwill of Plaintiff's business, and have never been abandoned. Plaintiff intends to continue to preserve and maintain its rights with respect to the Gucci Trademarks.

13. Plaintiff's services and products utilizing and/or bearing one or more of the Gucci Trademarks, by reason of their style, distinctive designs and quality have come to be known by the purchasing public throughout the United States as being of the highest quality. As a result thereof, the Gucci Trademarks and the goodwill associated therewith are of inestimable value to Plaintiff.

14. Based on the extensive sales of Plaintiff's products and their wide popularity, the Gucci Trademarks have developed a secondary meaning and significance in the minds of the purchasing public, and the services and products utilizing and/or bearing such marks and names are immediately identified by the purchasing public with Plaintiff.

15. The Gucci Trademarks are vital to Plaintiff and Plaintiff will suffer irreparable harm if any third parties, including Defendant herein, are allowed to continue selling infringing goods bearing identical or substantially similar trademarks to the Gucci Trademarks.

## DEFENDANT'S INFRINGING ACTIVITIES

16. Defendant has infringed and threatens to further infringe Plaintiff's Gucci Trademarks by advertising, distributing, selling and/or offering for sale merchandise, including but not limited to jewelry, more specifically watches, through its deceptive use of Plaintiff's federally registered trademarks.

17. Long after Plaintiff's adoption and use of its Gucci Trademarks on jewelry, watches and other related products, and long after Plaintiff's federal registration of its trademarks, the Defendant commenced the distribution, advertisement, offer for sale, and/or sale of watches and other merchandise through the unauthorized use of Plaintiff's trademarks in a manner likely to cause consumer confusion as to the source, identity, and/or sponsorship of the product.

18. Defendant is marketing, advertising and selling watches wrongfully bearing the Gucci Trademarks at its stores located at airports throughout the United States, including at Logan Airport in Boston, Massachusetts, and is wrongfully using the Gucci trademarks in prominent advertising and marketing at Defendant's airport locations throughout the United States.

19. Defendant is distributing, offering for sale, and selling its products to numerous buyers throughout the United States, including buyers located within the Commonwealth of Massachusetts. Upon information and belief, the Defendant has obtained substantial revenue from its illegal sale and advertising of products bearing the Gucci Trademarks to persons in the Commonwealth of Massachusetts and elsewhere.

20. Upon information and belief, the activities of the Defendant complained of herein constitute willful and intentional infringement of the Gucci Trademarks; are in total disregard of the Plaintiff's rights; and were commenced and have continued in spite of Defendant's knowledge that the manner in which its uses the Gucci Trademarks, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

21. The Defendant's use of the Gucci Trademarks has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by the Defendant are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

**FIRST CLAIM FOR RELIEF**
**Trademark Counterfeiting**
**15 U.S.C. § 1114**

22. Plaintiff incorporates all prior allegations as if set forth fully herein.

23. The Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the Gucci Trademarks on goods covered by registrations for these trademarks. Attached hereto as Exhibit D is a photograph of a watch sold by Defendant, which unlawfully displays Gucci's registered "G" mark.

24. Defendant has intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of goods for its own personal financial gain, and such intentional and willful conduct by the Defendant makes this an exceptional case.

25. Defendant's use of the Gucci Trademarks to advertise, offer for sale, sell and distribute Defendant's counterfeit products was and is without the consent of Plaintiff.

26. The Defendant's unauthorized use of the Gucci Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendant's use of Plaintiff's registered Gucci Trademarks in commerce.

27. Defendant's unauthorized use of the Gucci Trademarks, as set forth above, is likely to:

(a) Cause confusion, mistake and deception;

(b) Cause the public to believe that Defendant's counterfeit products are authorized, sponsored or approved by Plaintiff or that the Defendant is affiliated, connected or associated with or in some way related to Plaintiff;

(c) Result in Defendant unfairly benefiting from Plaintiff's goodwill and reputation, to the substantial and irreparable injury of the public, Plaintiff's and Gucci Trademarks and the substantial goodwill represented thereby.

28. Defendant's acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

29. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendant's acts as aforesaid in an amount not thus far determined but believed to be in excess of One Million Dollars ($1,000,000).

30. Defendant's wrongful acts of counterfeiting will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement**
**15 U.S.C. § 1114**

31. Plaintiff incorporates all prior allegations as if set forth fully herein.

32. Plaintiff's registered Gucci Trademarks are fanciful and arbitrary and are associated in the mind of the public with the Plaintiff.

33. Based on Plaintiff's extensive advertising, sales, and the wide popularity of Plaintiff's products, the Gucci Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of and affiliated with Plaintiff.

34. Defendant uses the Gucci Trademarks in connection with the sale, distribution and advertising of Defendant's goods.

35. Defendant's activities as set forth herein constitute Defendant's use in commerce of the Gucci Trademarks.

36. Defendant has in the past and continues to use Plaintiff's registered Gucci Trademarks without Plaintiff's consent or authorization. Defendant's use of Plaintiff's trademarks in interstate commerce is likely to cause confusion and mistake in the minds of the public, leading the public to believe that the Defendant's products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with the Defendant, which is untrue.

37. Defendant has intentionally and willfully used the Gucci Trademarks knowing they are the exclusive property of Plaintiff in connection with the offering for sale, sale and distribution of Defendant's goods.

38. Defendant's conduct is intended to exploit the goodwill and reputation associated with Plaintiff's registered Gucci Trademarks and far exceeds any purported legitimate use for comparative advertisement purposes.

39. Plaintiff has no control over the quality of the Defendant's merchandise. Because of the very real likelihood of confusion as to the source of Defendant's products, Plaintiff's reputation and valuable goodwill in its trademarks are subject to substantial damage and injury because of the Defendant's unscrupulous marketing tactics.

40. The Defendant's activities as aforesaid create the false and misleading impression that the Defendant is authorized by Gucci to use the Gucci Trademarks to advertise, manufacture, distribute, offer for sale or sell products through the use of the Gucci Trademarks when, in fact, the Defendant is not so authorized.

41. Defendant has engaged in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendant and the goods it sells are in some way sponsored by, affiliated or associated with Plaintiff when, in fact, they are not.

42. The Defendant's unauthorized use of the Gucci Trademarks as set forth above has resulted in the Defendant unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and its registered Gucci Trademarks, to the substantial and irreparable injury of the public, Plaintiff, the Gucci Trademarks and the substantial goodwill represented thereby.

43. The Defendant's aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

44. The Defendant's acts have caused and will continue to cause great and irreparable injury to the Plaintiff, and unless such acts are restrained by this Court, they will continue, thereby causing Plaintiff to continue to suffer great and irreparable injury. Plaintiff has no adequate remedy at law.

45. Plaintiff is informed and believes and thereupon alleges that the Defendant's infringement is both intentional and willful.

46. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of the Defendant in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

**THIRD CLAIM FOR RELIEF**
**False Designations of Origin, False Descriptions and Representations**
**15 U.S.C. § 1125(a)**

47. Plaintiff incorporates all prior allegations as if set forth fully herein.

48. Defendant has, in connection with its goods, used in commerce, and continues to use in commerce, Plaintiff's Gucci Trademarks.

49. Defendant has affixed, applied and used in connection with its sale of goods, false and misleading descriptions and representations, including the Gucci Trademarks, which tend to falsely describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendant.

50. Defendant uses one or more of the Gucci Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

51. Defendant's use of the Gucci Trademarks constitutes false descriptions and representations tending to falsely describe or represent Defendant and Defendant's products as being authorized, sponsored, affiliated or associated with Plaintiff.

52. Defendant has used one or more of the Gucci Trademarks in the advertising, distributing, selling and offering for sale goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to itself the valuable trademark rights of Plaintiff.

53. Defendant's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendant's products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendant's wrongful acts will continue unless enjoined by this Court.

55. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of the Defendant in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

**FOURTH CLAIM FOR RELIEF**
**Federal Trademark Dilution**
**15 U.S.C. §1125 (c)**

56. Plaintiff incorporates all prior allegations as if set forth fully herein.

57. Plaintiff is the exclusive owner of the trademark rights herein.

58. Defendant's use of the Gucci Trademarks in connection with the advertising, distributing, selling and/or offering for sale Defendant's goods constitutes the commercial use in commerce of the Gucci Trademarks.

59. The Gucci Trademarks have been used for many years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

60. Plaintiff's Gucci Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with the Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute Defendant's deceptive use of the Gucci Trademarks to Plaintiff as a source of origin, authorization and/or sponsorship for the products Defendant sells and further, is likely to purchase Defendant's products in the erroneous belief that the Defendant is associated with, sponsored by or affiliated with the Plaintiff, when the Defendant is not.

61. Plaintiff has not authorized or licensed the use of the Gucci Trademarks to the Defendant.

62. Defendant's unauthorized use of the Gucci Trademarks in its marketing, sales and distribution of its products is diluting the distinctive quality of the Gucci Trademarks and the goodwill associated with them and clearly exceeds any lawful use for comparison purposes, in violation of Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

63. Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendant from committing further wrongful acts.

64. Defendant intentionally and willfully utilizes Plaintiff's Gucci Trademarks and trades on Plaintiff's reputation and goodwill.

65. If such use on the part of the Defendant continues, Plaintiff will suffer irreparable harm of a continuing nature for which there is no adequate remedy at law.

66. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of the Defendant in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

**FIFTH CLAIM FOR RELIEF**
**Unfair And Deceptive Business Practices**
**Massachusetts Chapter 93A, Section 11**

67. Plaintiff incorporates all prior allegations as if set forth fully herein.

68. Defendant's acts set forth above constitute unfair and deceptive business practices in violation of Gen. L. ch. 93A, §§2 and 11 in that the actions are likely to cause confusion in the minds of the consuming public, will destroy the Plaintiff's goodwill, and will unjustly enrich the Defendant at the expense of and to the detriment of the Plaintiff.

69. Defendant's acts, as set forth above, are willful and knowing violations of Mass. Gen. L. ch. 93A, §2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

1. That a preliminary and permanent injunction be issued enjoining and restraining the Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

A. Using any reproduction, counterfeit, copy or colorable imitation of the Gucci Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff.

B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Gucci Trademarks;

C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff, and from offering such goods into commerce;

D. Further infringing Plaintiff's trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff which bear any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Gucci Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or marketed by Defendant are in

any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G. Causing an infringement of any of Plaintiff's Gucci Trademarks or of Plaintiff's rights in, or to use or exploit the Gucci Trademarks, or causing any dilution of Plaintiff's name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Gucci Trademarks;

I. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H), above.

2. Directing Defendant to deliver up for destruction to Plaintiff all unauthorized products and advertisements in its possession or under its control bearing any of Plaintiff's Gucci Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by the Defendant are authorized by the Plaintiff or related in any way to Plaintiff's products.

4. Requiring Defendant to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement of Plaintiff's Gucci Trademarks and unfair competition and to account for all gains, profits and advantages derived by Defendant from the

sale of its infringing merchandise bearing the Gucci Trademarks and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117 (c) of up to $1,000,000 for each trademark per type of goods sold that Defendant has counterfeited and infringed.

5. Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

6. That Plaintiff be awarded treble damages and attorney's fees for the Defendant's willful and knowing acts of unfair competition in violation of M.G.L. c. 93A, §§ 2 and 11.

7. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

8. Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements, which Plaintiff has incurred in connection with this action.

GUCCI AMERICA, INC.

By its Attorneys,

BURNS & LEVINSON LLP

By: ______________________

Mark Schonfeld
BBO No. 446980
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated: January 27, 2004

00813126.DOC